CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 30 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Case No. 5:05-cr-00012-1 |
| Plaintiff, ) | (2255 Case No. 5:08-cv-80074) |
| ) | |
| v. ) | **2255 MEMORANDUM OPINION** |
| ) | |
| CHRISTOPHER EARL TUTEN, ) | By: Hon. Glen E. Conrad |
| Defendant. ) | United States District Judge |

Defendant Christopher Earl Tuten, Federal Register Number 10989-084, brings this pro se action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Defendant claims that his conviction for possession of a firearm in furtherance of a drug trafficking offense should be set aside in light of Watson v. United States, ___ U.S. ___, 128 S. Ct. 579 (2007). The government concedes that Tuten is entitled to relief under Watson and Bousley v. United States, 523 U.S. 614, 621 (1998).[1]

The indictment charged Tuten, inter alia, with conspiring to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 & 841(a)(1), and use or carrying of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). See U.S.A. v. Tuten, Criminal Case No. 5:05-cr-00012-1, Indictment (March 23, 2005), Plea Agreement (August 2, 2005), Magistrate Judge's Report and Recommendation (August 10, 2005), Judgment (December 19, 2005). Tuten pleaded guilty to these two counts, pursuant to a written plea agreement, which erroneously indicates that he was charged with "possession of a firearm in furtherance of a drug trafficking offense," in violation of § 924(c).[2] The court sentenced Tuten to 60 months imprisonment on the

---

[1] The government concedes that Tuten's claim is timely filed under § 2255(f)(3), because he filed his § 2255 motion within one year of the Watson decision.

[2] As a result of the plea agreement, the government moved for dismissal of other charges against Tuten.

drug conspiracy charge and 60 months consecutive on the gun charge. The judgment states, erroneously, that Tuten was convicted of possession of a firearm in violation of § 924(c), although the indictment did not charge him with possession. Tuten did not appeal.[3] On July 23, 2008, Tuten signed and dated this § 2255 motion, raising his claim under the Watson decision.

Section 924(c)(1)(A) sets a mandatory minimum, consecutive sentence for any defendant "who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." The defendant in Watson was charged with "use" of a firearm in violation of § 924(c) for offense conduct that consisted of receiving a gun in exchange for controlled substances. The United States Court of Appeals for the Fifth Circuit upheld his conviction, citing circuit precedent that applied Smith v. United States, 508 U.S. 223, 241 (1993) (holding that "a criminal who trades his firearm for drugs 'uses' it ... within the meaning of § 924(c)(1)"). United States v. Watson, 191 Fed. App'x 326 (C.A.5 2006) (per curiam).[4] Distinguishing Smith, the Supreme Court reversed, holding that "a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs." 128 S. Ct. at 586.

In its response to Tuten's § 2255 motion, the government concedes that "[t]he facts of [Tuten's] underlying conviction for violating § 924(c) are substantially similar to the facts in Watson." Further, the government "concedes that Tuten's sentence should be vacated and the matter should be returned to the District Court for recalculation of Tuten's sentencing guidelines to account

---

[3]By order entered April 16, 2008, pursuant to 18 U.S.C. § 3582(c) and the recent amendments to the sentencing guideline for crack cocaine offenses, the court reduced Tuten's sentence on the drug conspiracy charge to 48 months imprisonment.

[4]See United States v. Ulloa, 94 F.3d 949 (5th Cir. 1996); United States v. Zuniga, 18 F.3d 1254 (5th Cir. 1994) (cited by Fifth Circuit in its Watson decision).

2

for a two level firearms enhancement and ultimately resentencing." These concessions are somewhat unclear. The Watson case concerns a situation where the defendant's conduct does not match the elements of the offense for which he stands convicted; thus, a Watson problem cannot be corrected merely by vacating a sentence as the government requests. Therefore, the court concludes that the government's concession has two parts: (1) Tuten's conviction and sentence under § 924(c) must be vacated, because his receipt of a firearm in exchange for drugs does not support his conviction for use or carrying of a firearm during and in relation to a drug trafficking offense and he was not charged with or convicted of possession in furtherance of a drug trafficking offense under § 924(c);[5] and (2) that this change in circumstances requires recalculation of the defendant's sentencing guidelines as to the conspiracy conviction to allow for consideration of a possible two level increase in the base offense level as to that count, pursuant to United States Sentencing Guideline § 2D1.1(b)(1), based on Tuten's possession of a firearm during the conspiracy offense. Therefore, the court will grant the defendant's § 2255 motion, vacate the defendant's conviction under § 924(c), vacate his sentence on the conspiracy conviction, and direct that he be returned to court for resentencing, after preparation of an amended presentence report. An appropriate order shall be issued this day.

---

[5] The government concedes that Tuten's situation is similar to the circumstances of the defendant in the Bousley case. 523 U.S. at 621. In the Bousley decision, the United States Supreme Court held that although a defendant had waived his right to challenge the validity of his guilty plea by failing to challenge the plea on direct appeal, the defendant could circumvent this procedural default by demonstrating that pursuant to Bailey v. United States, 516 U.S. 137 (1995), he was "actually innocent" of the 18 U.S.C. § 924(c) charge to which he had pleaded guilty. Similarly, the government concedes that pursuant to the Watson decision, Tuten is "actually innocent" of the § 924(c) charge to which he pleaded guilty; therefore, his § 2255 claim under Watson is not waived and he is entitled to relief under § 2255.

Case 5:05-cr-00012-GEC Document 129 Filed 09/30/08 Page 3 of 4 Pageid#: 394

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the government.

**ENTER**: This 30th day of SEPTEMBER, 2008.

/s/ Glen Conrad
United States District Judge