CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 06 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5:05CR00012-001 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| CHRISTOPHER EARL TUTEN, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Chief United States District Judge |

This case is presently before the court on the issue of whether the defendant should receive a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines. For the following reasons, the court will reduce the defendant's term of imprisonment.

On August 2, 2005, the defendant, Christopher Earl Tuten, entered pleas of guilty to conspiring to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846, and to possessing a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 924(c). The defendant was sentenced on December 13, 2005. Under the advisory sentencing guidelines, the defendant had a total offense level of 33 and a criminal history category of VI, resulting in a guideline range of imprisonment of 235 to 293 months, plus 60 months on the § 924(c) conviction. The court granted a substantial assistance motion filed by the government under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, and sentenced the defendant to a 60-month term of imprisonment on the crack cocaine conviction, plus a consecutive 60 month-term of imprisonment on the firearm conviction. On April 16, 2008, the court reduced the defendant's term of imprisonment to a total of 108 months (48 months on the crack cocaine conviction, plus 60 months on the firearm conviction), pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the

United States Sentencing Guidelines.[1] Thereafter, on December 16, 2008, the court vacated the § 924(c) conviction pursuant to 28 U.S.C. § 2255, and reduced the defendant's term of imprisonment to 95 months.[2]

Pursuant to its statutory authority, the United States Sentencing Commission has promulgated a permanent amendment to the sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, which implements the provisions of the Fair Sentencing Act of 2010 (Amendment 750). On June 30, 2011, the Sentencing Commission further decided that, effective November 1, 2011, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

Under the amended guidelines, the defendant has a total offense level of 31 and a criminal history category of VI, resulting in a guideline range of imprisonment of 188 to 235 months. On September 14, 2011, the court notified the parties that the court proposed to reduce the defendant's

---

[1] Amendment 706, which was made effective on November 1, 2007, and retroactively effective on March 3, 2008, "amended § 2D.1 of the Sentencing Guidelines by reducing the offense levels associated with crack cocaine quantities by two levels." United States v. Hood, 556 F.3d 226, 232 (4th Cir. 2009).

[2] The court vacated the defendant's § 924(c) conviction based on the United States Supreme Court's decision in Watson v. United States, 552 U.S. 74 (2007). However, upon elimination of the defendant's conviction on Count Two, the sentencing guidelines for purposes of the remaining conviction, Count One, were recomputed so as to increase the defendant's total offense level by two points. For this reason, while the defendant's total sentence was reduced after vacation of the § 924(c) conviction, his sentence on the remaining crack cocaine conviction was increased from 48 months to 95 months.

2

term of imprisonment to time served.[3] The government subsequently objected to the proposed sentence reduction. For the reasons that follow, the court will overrule the government's objection and effect the proposed reduction in the defendant's sentence.

While the government objects to the proposed sentence reduction on the basis that the defendant already received a greatly reduced sentence as a result of the substantial assistance motion, the court is unpersuaded by the government's argument. In sentencing this defendant, the court relied heavily on the advisory guidelines in establishing a starting point for determining a fair and just sentence. In the court's view, the amendments to the guidelines pertaining to crack cocaine represent a change in the fundamental philosophy and statistical assessment upon which the advisory guidelines are premised. In accord with this change in philosophy, and having considered the factors set forth in 18 U.S.C. § 3553(a), the court will reduce the defendant's sentence to time served.[4] All other terms of the original sentence will remain the same.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 6th day of October, 2011.

*/s/ Glen Conrad*
Chief United States District Judge

---

[3] This proposal by the court represents a reduction from the amended guideline range that is comparable to the term of imprisonment that the defendant originally received in light of the government's substantial assistance motion. See U.S.S.G. § 1B1.10(b)(2)(B) (noting that a reduction comparably less than the amended guideline range may be appropriate if the defendant previously received a reduced sentence based on a substantial assistance motion).

[4] The defendant is reminded that the amended guideline provisions do not become effective until November 1, 2011, and that they will not begin to apply retroactively until that date.

3